UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:24-cr-54-SPC-NPM

NORMAN HERDOCIA

## **ORDER**

The Joint Motion to Permit Defendant to Withdraw Guilty Plea filed on July 31, 2024 (Doc. 24) is before the Court. For the below reasons, the Court grants the motion.

On April 18, 2024, the Government filed an Information charging Defendant Norman Herdocia with one count of Fraud in Connection to Disaster Relief in violation of U.S.C. 18 § 1040. (Doc. 1). On the same date, Defendant waived his right to Indictment before a Federal Grand Jury (Doc. 2) and entered into a plea agreement with the Government (Doc. 3). Defendant agreed to enter a plea of guilty to one count of defrauding government programs in connection with disaster relief under the Robert T. Stafford Disaster Relief and Emergency Assistance Act in violation of U.S.C. 18 § 1040. Defendant also agreed to pay restitution of $41,502.00 to the Federal Emergency Management Agency (FEMA) before his sentencing hearing. In exchange, the Government agreed that at the time of sentencing, they would

recommend that Defendant receive a sentence of one year probation, subject to all standard and mandatory conditions of probation. (Doc. 3).

The following month, Defendant pleaded guilty to Count One of the Information pursuant to the plea agreement and the Government's representations. (Doc. 16). On May 31, 2024, the undersigned accepted the plea, adjudicated Defendant guilty, and set sentencing for August 19, 2024. (Doc. 20).

The Government later learned that the sentencing guidelines do not allow for a probationary term for the charged offense. *See* 18 U.S.C. § 3559(a)(2) (noting that a crime punishable by a term of imprisonment of 25 years or more is a Class B felony); 18 U.S.C. § 3561(a)(1) (precluding probationary sentences for Class A and B felonies). Because a probationary sentence pursuant to the guidelines is precluded by law, the Government cannot recommend it at sentencing, thus requiring the Government to breach the plea agreement. And because the Government unintentionally induced Defendant's guilty plea with a promise to recommend an illegal sentence, they ask that Defendant be allowed to withdraw his plea.

Permitting a defendant to withdraw his plea is a permissible remedy to a government breach of a plea agreement. *See U.S. v. Foster*, 889 F.2d 1049, 1056 (11th Cir. 1989) ("[W]hen the government breaches an agreement, the defendant must either be resentenced by a new judge or allowed to withdraw

2

his plea[.]"). Further, a defendant may withdraw his guilty plea after it has been accepted if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Ultimately, the decision whether to permit a plea withdrawal "is left to the sound discretion of the trial court." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). Defendant's misunderstanding of the law, prompted by the Government's mistake, is a fair and just reason to permit the withdrawal of his guilty plea.

Accordingly, it is now

**ORDERED:**

The Joint Motion to Withdraw Plea of Guilty (Doc. 24) is **GRANTED**.

1. The Clerk is DIRECTED to cancel the sentencing hearing currently scheduled for August 19, 2024.

2. The Clerk is FURTHER DIRECTED to place the case on the Court's August 12, 2024 status calendar.

**DONE AND ORDERED** in Fort Myers, Florida on August 1, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record